NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  MODERN FONT APPLICATIONS LLC,**
*Petitioner*

---

2021-138

---

On Petition for Writ of Mandamus to the United States District Court for the District of Utah in No. 2:19-cv-561-DBB-CMR, Judge David Barlow.

---

**ON PETITION**

---

Before PROST, *Chief Judge*, O'MALLEY and WALLACH, *Circuit Judges*.

PROST, *Chief Judge*.

## O R D E R

Modern Font Applications LLC (MFA)'s petition challenges the United States District Court for the District of Utah's March 2, 2021 order requiring MFA to turn over certain documents in discovery.  We deny the petition.

MFA brought this suit against Alaska Airlines alleging infringement of U.S. Patent No. 9,886,421.  Alaska requested discovery of settlement agreements between MFA and other parties relating to the patent.  MFA rejected turning over the agreements, claiming they were protected

under the common interest privilege.* Alaska moved to compel production of all settlement agreements as relevant to determining a reasonable royalty. The district court judge, agreeing with the magistrate's order, ruled that the documents were not privileged. MFA now petitions for a writ of mandamus challenging the ruling.

Mandamus is a "drastic and extraordinary" remedy "reserved for really extraordinary causes." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (internal quotation marks and citation omitted). In seeking a writ of mandamus, MFA must establish a "clear and indisputable" right to relief and that it has "no other adequate means to attain the relief" it seeks. *Id.* at 380–81 (internal quotation marks and citations omitted). And, "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* at 381. MFA has not satisfied those requirements for relief.

To begin, MFA has not established that it has no alternative means to obtain meaningful relief on this matter. In accordance with *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 109 (2009) and other Supreme Court precedent, we have recognized that mandamus is ordinarily unavailable for immediate review of pretrial discovery rulings because a post-judgment appeal generally is an adequate remedy for asserting privilege violations. *See Waymo LLC*

---

\* By the common interest privilege, we understand MFA to be invoking the general exception to the ordinary attorney-client privilege waiver rule when attorneys for different clients are pursuing a common legal cause to communicate with each other. *See generally In re Regents of Univ. of Cal.*, 101 F.3d 1386, 1390 (Fed. Cir. 1996). MFA also relies heavily on the fact that the parties to the agreements also entered into confidentiality agreements.

*v. Uber Techs., Inc.*, 870 F.3d 1350, 1357–58 (Fed. Cir. 2017). Although we have recognized that mandamus may be available to review particularly injurious or novel privilege rulings, *id.* at 1358, we cannot say that MFA has shown those circumstances exist here.

As to injury, MFA fails to identify any specific or unique harm or prejudice that would occur in this case if MFA were required to wait to seek vacatur of the ruling and remand for a new trial in a post-judgment appeal. Instead, it relies only on the general argument that "[o]nce disclosed, the privileged materials could not be unseen by Alaska's counsel (and Alaska itself)," and "later exclusion from evidence would not prevent the privileged materials from being improperly used against MFA[.]" Reply at 14–15. Such allegations, however, are generally insufficient to establish the need for mandamus review. *See Waymo*, 870 F.3d at 1358 (rejecting same general argument).

Nor has MFA raised a particularly novel issue. In *In re MSTG, Inc.*, 675 F.3d 1337, 1348 (Fed. Cir. 2012), this court declined to recognize a common law privilege that would prevent discovery of litigation settlement negotiations and other communications. That issue had split both circuit courts and district courts. *Id.* at. 1342. While MFA argues that *MSTG* did not expressly address application of the attorney-client privilege and common interest doctrine to the settlement agreements themselves, that issue is not one that involves any apparent disagreement among trial courts that might warrant immediate resolution.

Moreover, MFA shows no clear and indisputable error on the part of the district court in rejecting its claim of privilege. In concluding in *MSTG* that settlement communications were not privileged, we emphasized the fact that Congress had elected not to protect both settlement agreements and settlement communications from discovery in Rule 408 of the Federal Rules of Evidence. *See id.* at 1344. We further explained that "to the extent we need to protect

the sanctity of settlement discussions and promote the compromise and settlement of dispute[s], there are other effective methods to limit the scope of discovery to achieve those ends," including granting motions for protective orders to restrict the use of information. *Id.* at 1346. For those same reasons, we cannot say that MFA has established a clear and indisputable right to relief.

Even putting aside this court's holding in *MSTG*, MFA's arguments concerning the attorney-client privilege and common interest doctrine are insufficient on their own terms to establish mandamus relief. "[T]o invoke the common interest doctrine, a party first must demonstrate the elements of [the] privilege[.]" *Waymo*, 870 F.3d at 1360 (citation omitted). But MFA fails to explain how the agreements themselves constitute "'communications by a client to an attorney made in order to obtain legal assistance' from the attorney in his capacity as a legal advisor." *In re Grand Jury Subpoena Duces Tecum Issued on June 9, 1982*, 697 F.2d 277, 278 (10th Cir.1983) (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)). Furthermore, MFA has identified no legal authority establishing a clear and indisputable right against imposing the ordinary waiver principles of sharing alleged privileged communications under the circumstances presented here.

Accordingly,

IT IS ORDERED THAT:

The petition for mandamus is denied.

FOR THE COURT

May 04, 2021          /s/ Peter R. Marksteiner
    Date              Peter R. Marksteiner
                      Clerk of Court

s28